UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: RESTASIS (CYCLOSPORINE OPHTHALMIC
EMULSION) ANTITRUST LITIGATION                    MDL No. 2819

**TRANSFER ORDER**

**Before the Panel:**[*] Plaintiffs in the two Eastern District of New York actions listed on Schedule A move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Eastern District of New York. This litigation consists of three actions pending in the Eastern District of New York and the Eastern District of Texas, as listed on Schedule A. All of these actions involve allegations of anticompetitive conduct by defendant Allergan, Inc., with respect to Restasis, a cyclosporine emulsion prescribed for dry-eye disease. In addition to the actions on the motion, the parties have notified the Panel of ten actions pending in the Central District of California, the Eastern District of New York, and the Eastern District of Texas that involve related issues.[1]

All responding parties support centralization, but there is disagreement as to the transferee district. In addition to movants, Allergan and plaintiff in one of the New York potential tag-along actions support centralization in the Eastern District of New York. Plaintiff in the Texas action on the motion, as well as plaintiffs in three of the Texas potential tag-along actions, suggest instead that this litigation be centralized in the Eastern District of Texas. Finally, plaintiff in the potential tag-along action pending in the Central District of California proposes centralization in that district.

On the basis of the papers filed and hearing session held, we find that the actions listed on Schedule A involve common questions of fact, and that centralization in the Eastern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising from Allergan's alleged anticompetitive scheme to extend its monopoly over Restasis and its generic equivalents beyond the May 17, 2014 expiration date of Allergan's original Restasis patents. Plaintiffs allege anticompetitive conduct including, among other things: fraudulently inducing the Patent and Trademark Office to issue a second wave of Restasis patents that allegedly were invalid *ab initio*; wrongfully listing those patents in the U.S. Food and Drug Administration's (FDA's) Orange Book so as to delay FDA approval of Restasis generics; instituting sham patent infringement lawsuits against potential generic manufacturers; submitting sham citizen petitions to the FDA; and engaging

---

[*] One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

-2-

in a sham transfer of the patents to the Saint Regis Mohawk Tribe in order to shield the patents from invalidation by the Patent Trial and Appeal Board through invocation of the Tribe's sovereign immunity. Plaintiffs assert claims for violation of federal and state antitrust laws, as well as state consumer protection laws, on behalf of overlapping putative classes of Restasis purchasers. Centralization thus will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

The Eastern District of New York is an appropriate transferee district for this litigation. This district presents a convenient and accessible forum, and is supported by both plaintiffs and defendant. Centralization in the Eastern District of New York enables us to assign this litigation to the Honorable Nina Gershon, an able jurist with prior MDL experience. We are confident that she will steer this litigation on an efficient and prudent course.

IT IS THEREFORE ORDERED that the action listed on Schedule A and pending outside the Eastern District of New York is transferred to the Eastern District of New York and, with the consent of that court, assigned to the Honorable Nina Gershon for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

**IN RE: RESTASIS (CYCLOSPORINE OPHTHALMIC EMULSION) ANTITRUST LITIGATION**        MDL No. 2819

## SCHEDULE A

<u>Eastern District of New York</u>

AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES DISTRICT COUNCIL 37 HEALTH & SECURITY PLAN v. ALLERGAN, INC., C.A. No. 1:17−06684
1199SEIU NATIONAL BENEFIT FUND, ET AL. v. ALLERGAN, INC., C.A. No. 1:17−06755

<u>Eastern District of Texas</u>

FWK HOLDINGS, LLC v. ALLERGAN, INC., C.A. No. 2:17−00747